**Leslie VAN GORHAM, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17282.**

Court of Criminal Appeals of Oklahoma.

Sept. 20, 1972.

Curtis P. Harris, Dist. Atty., Bill J. Bruce, Asst. Dist. Atty., Oklahoma County, for appellant.

Grover L. Miskovsky, Oklahoma City, for appellee.

Ed, R. Crockett, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

BUSSEY, Presiding Judge:

Appellant, Leslie Van Gorham, hereinafter referred to as defendant, entered a plea of guilty in the District Court of Tulsa County, Oklahoma to the offense of Robbery with Firearms. His punishment was fixed at a term of not less than ten (10) nor more than thirty (30) years imprisonment, and from said judgment and sentence, a timely writ of certiorari has been perfected to this court.

The record reflects that the defendant with his privately retained counsel entered a plea of guilty on November 16, 1971, and upon defendant's request, judgment and sentence was deferred until January 6, 1972. On that date, defendant appeared with his privately retained counsel and informed the court that he was dissatisfied with his attorney's services and that he wished to discharge his attorney, to retain other counsel, and to withdraw his plea of guilty. The court continued the case to January 20, 1972, to provide the defendant time to retain other counsel. On January 20, 1972, the defendant appeared in court and informed the court that he had not been able to retain counsel and requested that the court appoint the Public Defender. The court again continued the case to January 21, 1972, at which time a Public Defender was appointed to counsel with the defendant. The matter was continued until the 28th day of January, 1972, to enable the defendant's attorney to prepare an application to withdraw his guilty plea. On January 28, 1972, the defendant appeared in court with the Public Defender and informed the court that he did not desire to withdraw his plea of guilty to the offense. The court thereupon sentenced the defendant to an indeterminate sentence of ten (10) to thirty (30) years.

The sole proposition asserts that "Defendant is entitled to effective counsel at all critical stages of the proceedings including a plea of guilty and defendant is denied due process of law if counsel is ineffective or uninformed in the proceedings." Defendant argues under this proposition that he was advised by his privately retained counsel that if he entered a plea of guilty, he would be entitled to be freed on bond, pending the birth of a child in gestation and that he could withdraw the plea of guilty at any time before the sentence was pronounced. We need only observe that the record does not support the contentions of the defendant. The record reflects that on November 16, 1971, the trial court thoroughly explained to the defendant his constitutional rights prior to accepting his plea of guilty. Defendant stated that he was entering a plea of guilty because he was in fact guilty, that he was satisfied with his attorney, that he did not have any questions concerning the proceedings, that he understood that the court was not bound by the recommendation of the District Attorney, and that no promises had been made to coerce him to enter a plea of guilty. On the day set for pronouncement of judgment and sentence the defendant informed the court that he desired to discharge his attorney and withdraw his plea. The Public Defender was subsequently appointed to represent the defendant at the defendant's request and the matter was reset for January 28, 1972, to enable the defendant to prepare and file his motion to withdraw his plea of guilty. Thereupon, defendant appeared in court

with the Public Defender on January 28, 1972, and the following transpired:

"[BY THE COURT] Have any matters been filed in this case, Mr. Crockett?

"MR. CROCKETT: No, Your Honor, there have not. Mr. Gorham and I have been in conference this week and have had an opportunity to discuss the progress of this case with Mr. Maddux who at one time represented this defendant and I had a number of conferences with him and with Mr. Gorham, explained the nature of his rights with regard to a Writ of Certiorari. He, at this time, is desirous of having sentencing entered in this case, with the understanding that during the ten day period he will be permitted to confer with me with regard to the possible appointment for making application for a Writ of Certiorari. Is that right, Mr. Gorham?

"MR. GORHAM: Yes.

"THE COURT: Mr. Gorham, at previous times in this courtroom, since you have entered your plea, you have indicated to me that you were entertaining the thought of filing some application or making some request of this Court to be allowed to withdraw your guilty plea, and you tell me now, after conferring with Mr. Crockett, that you do not desire to do that here today?

"MR. GORHAM: I guess not.

"THE COURT: Well, I don't want you to guess, Mr. Gorham, you have had the opportunity now, since the 21st, a week ago, to confer with Mr. Crockett about this matter, and if you desire to make any application to this court to withdraw your guilty plea, now is the time to do it?

"A. No.

"Q. You tell me you don't want to ask to be allowed to withdraw your guilty plea, is that right?

"A. Yes.

"Q. All right. Do you have any cause or any reason to show me at this time as to why sentencing should not be imposed here today?

"A. No. (Tr. 23–24)

In conclusion, we observe that other than the defendant's bald allegation of incompetency of counsel there is nothing in the record to support defendant's allegation. Upon the discharge of defendant's retained counsel, defendant had the opportunity to confer with the public defender and to request that his plea of guilty be withdrawn. We are of the opinion that defendant's decision to not apply for the withdrawal of the guilty plea negates any allegation of incompetency in the purported advice of counsel as to his ability to withdraw this plea. The judgment and sentence is accordingly affirmed.

BRETT and SIMMS, JJ., concur.